UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|  |  |
|---|---|
| **VARIETY STORES, INC.** and **VARIETY WHOLESALERS, INC.**, <br><br> Plaintiffs, <br> v. <br><br> **MARTINSVILLE PLAZA, LLC,** <br><br> Defendant. | Case No.: <br> Formerly No. CL20818 <br> Circuit Court for Henry County |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Martinsville Plaza, LLC ("Martinsville"), by and through its undersigned counsel, hereby files and serves it Answer and Affirmative Defenses to Plaintiff's Complaint in the above captioned matter, and hereby denies each and every allegation contained in the Complaint not specifically admitted in this response and, demands strict proof. In response to the numbered paragraphs in Plaintiff's Complaint, Defendant responds as follows:

### Parties and Jurisdiction

1. The allegations contained in Paragraph 1 are admitted.

2. The allegations contained in Paragraph 2 are admitted.

3. Admitted in part and denied in part. Martinsville admits that it is an Indiana limited liability company. Martinsville admits that it is successor in interest to the Martinsville Plaza, Inc., the retail facility described in Plaintiff's complaint. Martinsville denies that its principal

headquarters is in Indianapolis, Indiana. Martinsville's principal headquarters is in Columbus, Ohio.

4. Martinsville admits the parties to this action are also parties to a lease agreement which was originally entered in 1984 for a ten (10) year term. Martinsville admits that Plaintiff attached a true and accurate copy of the lease agreement as Exhibit A.

5. Martinsville admits the parties extended, amended, and renewed the lease agreement on multiple occasions, including the Sixth Lease Modification and Extension Agreement dated March 2, 2018 entered into between Martinsville and Roses Stores, Inc.'s successor entity, Variety Stores, Inc.

6. The allegations contained in paragraph 6 are admitted.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegation contained in paragraph 7 and as such it denies the allegation and demands strict proof.

8. Defendant admits in part and denies in part the allegations contained in paragraph 8. Defendant admits that on or about May 18, 2018 a portion of the roof collapsed at Roses Store 343. Defendant lacks sufficient information or knowledge to admit or deny any other allegations contained in paragraph 8 and as such it denies the allegation and demands strict proof.

9. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 9 and as such it denies the allegations and demands strict proof.

**COUNT I: NEGLIGENCE**

10. As to paragraph 10 of the Complaint, Defendant re-alleges and incorporates herein all responses to paragraph 1 through paragraph 9 of Plaintiff's Complaint. Defendant denies all other allegations contained in paragraph 10.

11. Defendant denies the allegations set forth in paragraph 11 and demands strict proof.

12. Defendant denies the allegations set forth in paragraph 12 and demands strict proof.

13. Defendant denies the allegations set forth in paragraph 13 and demands strict proof.

14. Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in paragraph 14 and as such it denies the allegations and demands strict proof.

## COUNT II: BREACH OF CONTRACT

15. As to paragraph 15 of the Complaint, Defendant re-alleges and incorporates herein all responses to paragraph 1 through paragraph 14 of Plaintiff's Complaint. Defendant denies all other allegations contained in paragraph 15.

16. Defendant states that the Lease Agreement speaks for itself and does not require a response from Defendant. Defendant denies any allegation that Defendant breached the contract and demands strict proof.

17. Defendant denies the allegations set forth in paragraph 17 and demands strict proof.

18. Defendant lacks sufficient information and knowledge to admit or deny the allegations set forth in paragraph 18 and as such it denies the allegations and demands strict proof.

19. Defendant lacks sufficient information and knowledge to admit or deny the allegations set forth in paragraph 19 and as such it denies the allegations and demands strict proof.

20. Defendant denies the allegations set forth in paragraph 20 and demands strict proof.

21. Paragraph 21 contains a legal conclusion to which no response is required. Defendant denies the allegations set forth in paragraph 21 and demands strict proof.

WHEREFORE, Defendant demands judgment against Plaintiff, dismissing the Complaint and awarding its costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitle, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville denies that it breached the contract.

### SECOND DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Plaintiff has or may have failed to mitigate its damages.

### THIRD DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville will rely on the parole evidence rule.

### FOURTH DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense of improper notice of breach.

### FIFTH DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense of laches.

### SIXTH DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the doctrines of equitable estoppel and/or waiver.

### SEVENTH DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense of unclean hands.

### EIGHTH DEFENSE

Without waiving or limiting any other defense, any recovery to which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense of a lack of causation.

### NINTH DEFENSE

Without waiving or limiting any other defense, any recovery by which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense that Plaintiff's claims are barred by the Statute of Limitations.

### TENTH DEFENSE

Without waiving or limiting any other defense, any recovery by which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because Martinsville may rely on the defense that Plaintiff's claims are barred due to defense of contributory negligence.

### ELEVENTH DEFENSE

Without waiving or limiting any other defense, any recovery by which Plaintiff claims to be entitled, and which Martinsville specifically denies, is barred, in whole or in part, because the

Martinsville may rely on the defense that Plaintiff's claims are barred due to the fact that the conduct and actions of a separate entity are the direct or proximate cause of the injuries suffered.

        Respectfully submitted,

        MARTINSVILLE PLAZA, LLC

        */s/ Chad Murchison*
        C. Stephen Setliff, VSB No. 27882
        Peter E. Schurig, VSB No. 76106
        Chad R. Murchison, VSB No. 94411
        SETLIFF LAW, P.C.
        4940 Dominion Boulevard
        Glen Allen, Virginia 23060
        Tel: (804) 377-1260
        Fax: (804) 377-1280
        ssetliff@setlifflaw.com
        pschurig@setlifflaw.com
        cmurchison@setlifflaw.com
        *Attorneys for Defendant Martinsville Plaza, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on 28th day of July 2020, a true and accurate copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause of electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are no yet participating in the CM/ECF system, the foregoing document was duly served by e-mailing and mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure on July 28th of July 2020:

Mark S. Brennan, Esquire (VSB No. 25991)
Ashley G. Moss, Esquire (VSB No. 92448)
VANDEVENTER BLACK, LLP
901 East Byrd Street, Suite 1600, West Tower
P.O. Box 1558
Richmond, Virginia 23219
mbrennan@vanblacklaw.com
amoss@vanblacklaw.com

_____
Of Counsel